IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY A. BATTON,

    Plaintiff,

vs.

                                            Case No. 06-1218-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.

ORDER

      Plaintiff Ricky Batton has applied for Social Security disability insurance benefits and for supplemental income benefits. His application was denied by the ALJ on February 25, 2005, a decision affirmed by the Appeals Council on May 26, 2006. There are two allegations of error by Batton. First, he contends that the ALJ incorrectly applied S.S.R. 96-80 in failing to make a sufficiently individualized assessment of his ability to function, rather than merely concluding that he "has the residual functional capacity to perform sedentary work." (Tr. 22). Second, he contends that the ALJ's decision is contrary to law, because it lacks any basis in competent medical evidence.

      Plaintiff-claimant Batton was born on February 10, 1958. He has stated that he became disabled beginning June 1, 2001. He has a high school education and two years of college. He has previously worked as a construction laborer, electrical installer, and telemarketer. He has cited a variety of ailments, including pain in the shoulder, knees and lower back. The detailed facts of the

case, which are incorporated herein, are set forth in independently in the ALJ's opinion (Tr. 18-25), and set forth seriatim in the argument sections of the briefs of Batton (Dkt. No. 13, at 4-8) and the Commissioner (Dkt. No. 16, at 3-12).

The ALJ concluded that Batton had a long history of arthritis, which had been treated with ibuprofen. X-rays in 2002 showed mild degenerative arthritis in the left knee, and moderate to severe degenerative disc disease at L5-S1. A consultative evaluation in 2004 diagnosed degenerative disc disease and arthritis in both knees. Batton presented to the emergency room in April of 2004, complaining of leg pain; x-rays showed a hamstring strain. An evaluation of September 1, 2004, indicated that Batton could concentrate and showed no signs of pain.

The ALJ discounted the statement of Batton's treating physician, Dr. Myo Win, who concluded that Batton could not work with his knee and back pain. However, the ALJ discounted this statement because (1) Dr. Win had only limited contact with Batton, (2) he had imposed restrictions which were inconsistent with Batton's work history, and (3) the restrictions were based on Batton's subjective statements of pain rather than on any independent medical evidence. The ALJ concluded that Batton was impaired due to arthritis, disc disease, depression and alcohol abuse; however, these impairments did not meet any listed impairment and that Batton was not severely impaired. The ALJ noted that Batton did not seek any treatment until well after the alleged onset date, that x-rays showed only mild arthritis, that Batton had been able to successfully treat his pain with ibuprofen, and that Batton had been able to work after he was impaired.

Batton retained the residual functional capacity, according to the ALJ,

> to perform sedentary work with the following restrictions: The claimant cannot run. The claimant cannot walk more than short distances or stand more than short periods, and when he does he must use leg braces. The claimant cannot squat, kneel

or crawl. He is limited, secondary to his depression, to simple repetitive job tasks manually.

(Id. at 22). The ALJ found that Batton could not return to any of his past relevant work, but that he could perform a variety of jobs in the national and local economies.

As noted earlier, plaintiff complains that the ALJ violated SSR 96-80 by failing to make individualized and specific findings as to his RFC. SSR 96-80 provides:

> *RFC and exertional levels of work.* The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of "sedentary," "light," "medium," "heavy," and "very heavy" work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.
> . . . . . .
> At step 5 of the sequential evaluation process, RFC must be expressed in terms of, or related to, the exertional categories when the adjudicator determines whether there is other work the individual can do. However, in order for an individual to do a full range of work at a given exertional level, such as sedentary, the individual must be able to perform substantially all of the exertional and nonexertional functions required at that level. Therefore, it is necessary to assess the individual's capacity to perform each of these functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level.

The court finds no prejudicial error in the putative violation of the Rule, which requires detailed functional analysis at Step 4. Here, the ALJ concluded at Step 4 that Batton could not return to his former work; the disagreement in the case is whether Batton was correctly found to have the RFC to perform other gainful work (Step 5). The Rule explicitly permits the ALJ to express RFC at Step 5 in the form of "exertional categories." Here, the ALJ possessed legitimate rationales for discounting the limitations of supposedly disabling pain, and Batton fails to identify

any other limitation which the ALJ neglected to include by failing to set forth a function-by-function analysis.

Batton complains that the ALJ's conclusions, such as the ability to travel "short" distances, were impermissibly vague. However, the record indicates that such terms were first introduced by Batton himself in describing his limitations, and Batton and counsel posed no questions when the ALJ duly incorporated such terms in his findings.

Next, Batton contends that the ALJ's determination is not grounded on medical evidence as is contrary to the principles recognized in *Fleetwood v. Barnhart*, No. 05-6373, 2007 WL 18922 (10th Cir. Jan. 4, 2007), and *Brown v. Commissioner of the Social Security Administration*, 245 F. Supp.2d 1175 (D. Kan. 2003). The court finds no error in the ALJ's findings. ALJ explicitly noted that the consultative medical examinations — by Drs. Komes, Jones, and Parsons — supported the finding that Batton could perform light work. The ALJ cited legitimate and sufficient rationales for discounting Batton's claims of disabling pain, as noted above. Specifically, he noted the long and successful treatment of Batton's pain with simple ibuprofen. He noted that the underlying impairment had existed for a substantial time and had not precluded prior gainful employment. He noted that Dr. Win's opinion was simply a reflection of Batton's own subjective comments.

In *Brown*, there were "[m]any ... inconsistencies" between the ALJ's RFC assessment and those of the underlying and putatively supporting consulting medical testimony. 245 F.Supp. at 1187. No such inconsistencies have been demonstrated here. In *Fleetwood*, the court emphasized that the consultative record was restricted to "check-the-box forms with little or no explanation for the conclusions reached." 2007 WL 18922, at *3. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir.1987) (check-the-box evaluation forms "standing alone, unaccompanied by thorough written

reports or persuasive testimony, are not substantial evidence"). In the present case, by contrast, the consultative evaluations by Drs. Komes, Jones, and Parsons (Tr. 207-08, 297-303, 303-04) were either independent, narrative assessments or evaluations which may have included some check-the-box forms but which were augmented by narrative evaluations. The present case does not reflect the evidentiary vacuum reflected in *Brown* or *Fleetwood* and the decision of the ALJ is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 27th day of December, 2007 that the present appeal is hereby denied.

    s/ J. Thomas Marten  
    J. THOMAS MARTEN, JUDGE